UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
                                                            :
KATHRYN JORDAN,                                             :
                                                            :
                          Plaintiff,                        :
                                                            :      08 Civ. 6414 (GEL)
      -v.-                                                  :
                                                            :      **OPINION AND ORDER**
VERIZON CORPORATION,                                        :
                                                            :
                          Defendant.                        :
                                                            :
------------------------------------------------------------x

Kathryn Jordan, pro se.

Kenneth W. Gage, Paul, Hastings, Janofsky &
Walker LLP, Chicago, IL, for defendant.

GERARD E. LYNCH, District Judge:

In 2002, plaintiff Kathryn Jordan, a former employee of Verizon Corporation, brought an action against Verizon charging discrimination and denial of disability benefits. That action was settled, when the parties reached an agreement to resolve those claims. See Judgment of August 30, 2004, Jordan v. Verizon Corp., No. 02 Civ. 10144 (SAS) (S.D.N.Y. Aug. 30, 2002), aff'd No. 04-5581, 2005 WL 3116750 (2d Cir. Nov. 22, 2005) ("Jordan I"). Jordan now brings this second action against Verizon, alleging state law breach of written contract, breach of oral contract, fraudulent inducement, and breach of covenant of good faith and fair dealing, all relating to that settlement agreement. Verizon moves to dismiss this action in its entirety, arguing that the Court does not have subject matter jurisdiction over Jordan's claims or, in the alternative, that her claims should be dismissed because they duplicate claims that the Court resolved against Jordan after she moved to vacate the judgment in Jordan I. See Jordan v.

Verizon Corp., No. 02 Civ. 10144 (GBD), 2007 WL 4591924 (S.D.N.Y. Dec. 27, 2007) (denying Jordan's Rule 60(b) motion) ("Jordan II"), appeal dismissed, No. 08-1984, slip op. (2d Cir. Sept. 25, 2008) ("Jordan III").  For the following reasons, defendant's motion will be granted, with plaintiff being granted leave to replead as described below.

## BACKGROUND

This case has a complex procedural history.[1]  The following recitation is limited to those aspects of the case that are relevant to the pending motion.

Plaintiff Jordan commenced her first action against Verizon on December 23, 2002, claiming discrimination on the basis of gender, age, and disability, in violation of federal, state, and local laws, and wrongful denial of enhanced disability benefits under Verizon's Long Term Disability ("LTD") Plan.  On July 14, 2004, after engaging in settlement negotiations before the Honorable Gabriel Gorenstein, United States Magistrate Judge, during which plaintiff was represented by counsel, plaintiff signed a release and settlement agreement.

After the execution of the agreement but before the judgment was entered, plaintiff raised a number of concerns about the settlement, including that her attorney, who was no longer representing her, had misrepresented the terms of the agreement and coerced her into settlement.  Plaintiff raised those concerns before the assigned District Judge, the Honorable Shira A. Scheindlin, in a status conference on July 23, 2004, during which plaintiff stated that her request for an "exit interview" was the "last stumbling block" toward settlement and that she would accept the settlement if Verizon provided her with such an interview.  Verizon agreed to do so,

---

[1] The facts on which this recitation is based are detailed in Jordan I, 2005 WL 3116750, at *1, and Jordan II, 2007 WL 4591924, at *1-2.

and on August 27, 2004, Judge Scheindlin entered a judgment and dismissed the action with prejudice pursuant to the settlement agreement. The settlement agreement included a release of all plaintiff's claims against Verizon, including those "[c]laims asserted or which could have been asserted in the complaint in [that case]." (Compl., Ex. I § 2(b) "Examples of released Claims.").

Jordan then had second thoughts and attempted to unwind the settlement. She appealed the judgment to the Second Circuit, arguing that she entered the agreement under duress resulting from her pro se status, Verizon's threat to move for sanctions if she abandoned the settlement, and pressure from Judge Scheindlin and Magistrate Judge Gorenstein to reach a settlement. Plaintiff also claimed that Verizon had intentionally misrepresented the terms of the settlement agreement, negotiated the settlement in bad faith, and suppressed evidence during discovery and that, accordingly, she should be permitted to revoke her consent to the agreement.

In its decision, the Second Circuit noted that plaintiff had affirmatively agreed to the settlement agreement on two different occasions, Jordan I, 2005 WL 3116750, at *1, but found that the fraud and duress claims were not properly before the Court because they had not been raised in the District Court, id. at *2. Accordingly, the Court did not address the merits of those claims, but affirmed the district court's judgment without prejudice to plaintiff's right to file a Rule 60(b) motion in the district court. Id.

On March 1, 2006, plaintiff, appearing pro se, moved to vacate the judgment.[2] In that

---

[2] Plaintiff had, in fact, already filed a Rule 60(b) motion in the district court, but she had done so after filing her notice of appeal. Accordingly, the earlier motion to vacate was denied "solely on procedural grounds," and plaintiff was granted leave to refile such a motion following the resolution of her appeal.

motion, Jordan alleged that: (1) she was coerced into executing the settlement through threats of litigation and sanctions; (2) she was denied adequate time to consider the proposed settlement under contract law and the Older Workers Protection Act, and denied accommodation under the Americans with Disabilities Act; (3) defendant fraudulently misrepresented the facts about the terms, value, and benefits of the proposed settlement, and that attorneys for both sides agreed to settle without her consent; (4) defendant negotiated in bad faith to defraud her of her ERISA pension rights, and her right to litigate her claims; and (5) new material evidence had been discovered that was suppressed by defendant during discovery.  Jordan II, 2007 WL 4591924, at *2 (summarizing Jordan's claims).

The motion was reassigned to the Honorable George B. Daniels, United States District Judge, and referred to the Honorable Ronald L. Ellis, United States Magistrate Judge, for a Report and Recommendation ("R&R").  On August 31, 2007, Judge Ellis issued his R&R, in which he carefully examined plaintiff's motion under Rule 60(b)(2), which deals with newly discovered evidence; Rule 60(b)(3), which addresses fraud and bad faith by the adverse party; and the catchall provision of Rule 60(b)(6).  Id. at *3; see Fed. R. Civ. P. 60(b).

In recommending a denial of plaintiff's claim under Rule 60(b)(2), Judge Ellis considered and rejected plaintiff's claim that new material evidence had surfaced, which Jordan claimed had been suppressed by defendant during discovery in order to defraud the Court and conceal the value of the benefits she was asked to forfeit.  Id. at *8-9.  Judge Ellis also found no evidence to support Jordan's Rule 60(b)(3) claim that defendant acted in bad faith to defraud plaintiff.  In particular, Judge Ellis rejected Jordan's allegations that defendant perpetrated a fraud upon the court by intentionally misrepresenting the terms and value of the settlement by willfully

4

deceiving her about her ability to retain her pension benefits, and that defense counsel falsely implied to the Court that she would continue to receive LTD benefits as long as she was disabled. Id. at *10. Judge Ellis further found that plaintiff failed to abduce any proof that defendant negotiated in bad faith or did not intend to honor the terms of the settlement agreement. Id. Lastly, Judge Ellis found no "extraordinary circumstances justifying relief" under Rule 60(b)(6). Judge Ellis found "unsupported by the record" plaintiff's allegations that she settled the case under duress due to illness, lack or representation, or economic pressure, and that Judges Gorenstein and Scheindlin exerted excessive influence on her to settle the case. Id. at *11-12.

To the contrary, Judge Ellis determined that during all stages of the settlement process, plaintiff was competent to make settlement decisions and had appropriate legal representation and that neither the defendant, nor any lawyer or judge presiding over the matter, had improperly influenced plaintiff's voluntary decision to settle her claims. Id. at *13.[3] Finding that plaintiff had failed to demonstrate any basis for vacating the judgment, Judge Ellis recommend that the motion to vacate be denied.

On receiving plaintiff's objections to the R&R, in which plaintiff disputed all of Judge Ellis's findings, Judge Daniels reviewed the record de novo and determined that the Magistrate Judge's findings were supported by the record, that there were "no facts to support a conclusion

---

[3] Specifically, Judge Ellis found no record basis for plaintiff's claims that the court failed to uphold its "special burden" to protect the rights of pro se litigants by relying exclusively on the defendant's version of the facts, failing to consider her "precarious medical condition, denying her the opportunity to explain the coercive circumstances surrounding the settlement, ignoring the economic duress she was under, confusing her about the agenda of the July 23 conference, denying her the opportunity to secure legal advice, and failing to provide adequate time to consider the proposed settlement under the Older Worker's Act. Id.

that Verizon made any intentional misrepresentations, negotiated in bad faith, or suppressed evidence," and that the record did not "support any finding of duress or coercion." Id. at *5. Accordingly, Judge Daniels adopted the R&R in its entirety and denied plaintiff's motion to vacate the judgment. Id.

Plaintiff appealed that ruling to the Second Circuit. The Court of Appeals summarily dismissed the appeal, inter alia stating that the appeal "lacks an arguable basis in law or fact." Jordan III, slip op. at 1. While that appeal was pending, plaintiff filed the instant action, "seek[ing] to vacate the [settlement] Agreement in its entirety and restore the original [Jordan I] Complaint to the trial calendar." (Compl. at 1.)

## DISCUSSION

Defendant moves to dismiss plaintiff's complaint pursuant to Rule 12(b)(1), Fed. R. Civ. P., arguing that because plaintiff has not properly alleged diversity of citizenship, the Court lacks subject matter jurisdiction to hear plaintiff's state law claims. In the alternative, defendant moves to dismiss pursuant to Rule 12(b)(6), Fed. R. Civ. P., arguing that plaintiff has not stated a claim upon which relief may be granted. The motion to dismiss for lack of subject matter jurisdiction will be granted, with leave to replead to the extent described below.

I.   Subject Matter Jurisdiction

   A.   Legal Standard

A claim is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the court lacks the statutory or constitutional power to adjudicate the claim. Nowak v. Ironworkers Local 6 Pension Fund, 81 F.3d 1182, 1187 (2d Cir. 1996). The party asserting subject matter jurisdiction – here plaintiff – "bears the burden of proving subject matter

jurisdiction by a preponderance of the evidence." Aurecchione v. Schoolman Transp. Sys., Inc., 426 F.3d 635, 638 (2d Cir. 2005).

The defendant "may challenge either the legal or factual sufficiency of the plaintiff's assertion of jurisdiction, or both," and how the Court should "resolve the motion to dismiss depends upon whether the motion presents a factual challenge." Robinson v. Gov't of Malaysia, 269 F.3d 133, 140 (2d Cir. 2001) (citations and internal quotation marks omitted). Where a defendant challenges the factual basis for subject matter jurisdiction – here, diversity of citizenship – a court is "not obligated to accord presumptive truthfulness to the allegations of the complaint" and "may weigh the evidence on the record accompanying the Rule 12(b)(1) motion, or hold an evidentiary hearing, and decide for itself the merits of the jurisdictional dispute." Dow Jones & Co., Inc. v. Harrods, Ltd., 237 F. Supp.2d 394, 404 (S.D.N.Y. 2002); see also Filetech S.A. v. France Telecom S.A., 157 F.3d 922, 932 (2d Cir. 1998).

B.   Analysis

Federal courts have original jurisdiction over questions of state law when the dispute is between citizens of different states and the amount in controversy exceeds $75,000. See 28 U.S.C. § 1332(a).[4]  Verizon argues that Jordan has not proven, or even properly alleged,

---

[4] Although Verizon has not challenged jurisdiction on this ground, Jordan also fails to allege that her claims satisfy the statute's $75,000 amount-in-controversy requirement. See 28 U.S.C. § 1332(a). Jordan alleges only that her claims are worth more than $15,000. (See Compl. ¶ 1 of each subsection). "A party invoking the jurisdiction of the federal court has the burden of proving that it appears to a 'reasonable probability' that the claim is in excess of the statutory jurisdictional amount." Tongkook Am., Inc. v. Shipton Sportswear Co., 14 F.3d 781, 784 (2d Cir. 1994). The burden on plaintiff in this regard is light, because there exists a "rebuttable presumption that the face of the complaint is a good faith representation of the actual amount in controversy." WoldeMeskel v. Vocational Instruction Project Cmty. Servs., Inc., 166 F.3d 59, 63 (2d Cir. 1999); see also Scherer v. The Equitable Life Assurance Society, 347 F.3d 394, 397 (2d Cir. 2003). In this case, however, because the complaint fails even to allege that

diversity, which is concededly the only basis for federal jurisdiction over this action. See Willis v. Westin Hotel Co., 651 F. Supp. 598, 601 (S.D.N.Y. 1986) (the party "seeking to invoke this court's subject matter jurisdiction under 28 U.S.C. Section 1332" has the "burden of proving that complete diversity of citizenship exists between the parties" which is "a state of affairs where all plaintiffs are citizens of different states from all defendants.") (citations omitted).

The point is well taken. Diversity of citizenship "should be distinctly and positively averred in the pleadings, or should appear with equal distinctness in other parts of the record." Leveraged Leasing Admin. Corp. v. PacifiCorp Capital, Inc., 87 F.3d 44, 47 (2d Cir. 1996) (internal citation and quotation marks omitted). Jordan does not properly allege diversity of citizenship, either on the face of her complaint or in any of her supporting materials. While she adequately alleges that Verizon is headquartered in New York, she does not make a proper allegation as to her own citizenship. Jordan alleges only residency – not citizenship. Mere allegations of residency alone are insufficient to establish citizenship. Leveraged Leasing, 87 F.3d at 47. Domicile, not mere residence, determines a person's state citizenship for purposes of § 1332. Linardos v. Fortuna, 157 F.3d 945, 948 (2d Cir. 1998). Domicile, in turn, is established by residency coupled with an intention to make that residence one's permanent home. See Texas v. Florida, 306 U.S. 398, 424 (1939) ("Residence in fact, coupled with the purpose to make the place of residence one's home, are the essential elements of domicile").[5]

---

the claims exceed $75,000, this presumption does not apply. Nevertheless, because the damages allegation may simply be a typographical error, and because plaintiff will in any event be permitted to replead, and required to present evidence on her citizenship, plaintiff will be also permitted to replead the value of such of her claims as may be asserted in any further complaint.

[5] Thus, for example, a college student may reside in the college town, but her citizenship may remain that of her parental home, even if she intends never to return, if she does not have a

Moreover, even as to residency, plaintiff's allegations are ambiguous and inconsistent. Jordan alleges both that she "was a resident of New York" during the relevant times for purposes of establishing jurisdiction and that she "is" a "resident of Palm Beach and New York Counties." (Compare Compl. ¶ 2 (under subheading "Jurisdiction and Venue") with id. ¶ 2 (under Counts I, II, III, IV).)  Since the complaint does not allege Jordan's citizenship, and suggests that she is and has been a resident of New York, the same state of which Verizon is a citizen, the complaint fails to establish Jordan's citizenship as different from Verizon's, and thus fails to establish federal jurisdiction.[6]

Because plaintiff is a lay litigant proceeding pro se, and because the allegations of the complaint do not establish that she is a citizen of New York any more than they establish her as a citizen of some other state, it is appropriate to permit her to re-plead with appropriate allegations of diverse citizenship, if she can honestly do so.  As noted above, however, in matters of jurisdiction, mere pleading does not make it so; a plaintiff must establish diversity by means of evidence.  In light of the ambiguities with respect to Jordan's citizenship, it is appropriate to require her not merely to properly plead diversity, but to present evidence of her claimed citizenship.

Thus, if Jordan chooses to replead and allege that she is a citizen of Florida (or some

---

fixed intention to remain in the state where she attends school, but hopes instead to move to some other state to seek employment.  Only when she takes up residence in a new state with the intent to remain their indefinitely does she establish a new domicile, and thus a new citizenship.

[6] Although defendant does not press this point in its reply brief, subject matter jurisdiction is a "threshold question that must be resolved . . . before proceeding to the merits," Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 88-89 (1998), and cannot be established by a defendant's failure to press the issue, Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 701-702 (1982).

other state other than New York), she is directed to submit along with any new complaint an affidavit stating under oath that Florida (or such other state) is her domicile, demonstrating the nature of her physical residence in the State and her intent to remain there indefinitely.  To the extent that, as suggested by the present complaint, Jordan also maintains a residence in New York, she should describe in detail how much of her time is spent in that residence.  Factors indicative of physical presence and intent to remain in a state indefinitely include voting registration and voting practices; location of personal and real property; location of brokerage and bank accounts; membership in unions, fraternal organizations, churches, clubs, and other associations; place of employment or business; driver's license and automobile registration; and payment of taxes.  Hicks v. Brophy, 839 F. Supp. 948, 951 (D. Conn. 1993); see 13B Charles Alan Wright, et al., Federal Practice and Procedure § 3612, at 530-31 (2d ed. 1984).  Because courts use a "totality of the evidence approach, and no single factor is conclusive," Hicks, 839 F. Supp. at 951 (internal quotation marks omitted), plaintiff is directed to provide evidence with respect to these factors, to permit defendant to test, and the Court to assess, her actual residence and intent to remain.  See National Artists Management Co., Inc. v. Weaving, 769 F. Supp. 1224, 1227 (S.D.N.Y. 1991) (noting that the "party's own statements concerning his intentions are relevant, but they are of slight weight when they come into conflict with other facts that tend to disclose a contrary intent").[7]

The motion to dismiss for lack of subject matter jurisdiction is thus granted, without prejudice to plaintiff's filing an amended complaint adequately alleging jurisdiction and

---

[7] Whether diversity exists is determined as of the time the action is commenced. Freeport-McMoRan v. K N Energy, Inc., 498 U.S. 426, 426-29 (1991).  Accordingly, the relevant time period with respect to plaintiff's citizenship is the time this action was begun.

supported by an affidavit as described above.[8]  Plaintiff is directed to provide any amended complaint and accompanying affidavit on or before January 9, 2009.

II.     Failure to State a Claim

Although leave to amend a complaint should be "freely given when justice so requires," Rule 15(a), Fed. R. Civ. P., leave to amend should not be granted where a review of the proposed amended complaint discloses that amendment would be "futil[e]," Foman v. Davis, 371 U.S. 178, 182 (1962), because the amended complaint itself would have to be dismissed for failure to state a claim.  Verizon has also moved to dismiss Jordan's complaint pursuant to Rule 12(b)(6), Fed. R. Civ. P., arguing that collateral estoppel precludes plaintiff from relitigating issues that were previously raised and litigated in an earlier action.  The Court would thus be remiss to grant leave to replead without assessing whether such repleading would be futile.

A.      Legal Standard

Under Rule 12(b)(6), a complaint will be dismissed if it "fail[s] to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  To survive a motion to dismiss, the factual allegations must be sufficient "to raise a right to relief above the speculative level" on the assumption that all of the complaint's allegations are true.  Bell Atl. Corp. v. Twombly, 550 U.S. ___, ___, 127 S.Ct. 1955, 1965 (2007); see also ATSI Communications, Inc. v. Shaar Fund Ltd., 493 F.3d 87, 98 (2d Cir. 2007).  It is well established, however, that a court may rely on matters of public record in deciding a motion to dismiss under Rule 12(b)(6), including the public record of prior judicial decisions.  Cameron v. Church, 253 F. Supp.2d 611, 617-18 (S.D.N.Y. 2003),

---

[8] As discussed in note 4 above, the complaint must also adequately allege that the amount in controversy in the action exceeds the jurisdictional amount.

quoting Pani v. Empire Blue Cross Blue Shield, 152 F.3d 67, 74 (2d Cir. 1998).  Accordingly, "the defense of res judicata or collateral estoppel may be brought, under appropriate circumstances . . . via a motion to dismiss." Sassower v. Abrahams, 833 F. Supp. 253, 264 (S.D.N.Y. 1993).

  B.  Analysis

  Under the principle of res judicata, "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." Monahan v. New York City Dep't of Corrs., 214 F.3d 275, 284-85 (2d Cir. 2000) (citations omitted).  Here, it is clear that the district court's decision in Jordan II, which became final upon the dismissal of plaintiff's appeal in Jordan III, constituted a final judgment that the settlement agreement that ended Jordan I was valid.  In Jordan II, this Court authoritatively and with finality determined that Verizon did not make "any intentional misrepresentations, negotiate[] in bad faith, or suppress[] evidence," and that the settlement negotiations were free of "duress or coercion." Jordan II, 2007 WL 4591924, at *5 (denying Jordan's Rule 60(b) motion).  To the extent that plaintiff complains in this action that Verizon intentionally misrepresented the terms of settlement and suppressed evidence (see Compl. at Count II "Breach of Oral Contract" ¶ 5), and that there was fraud in the inducement of the agreement (id. at Count III), these allegations are carbon copies of those raised and resolved in Jordan II.

  Specifically, in Count II of the instant complaint Jordan alleges that the attorneys for both sides orally misrepresented the terms of the settlement, that Verizon negotiated in bad faith to defraud her of her pension and LTD rights, and that Verizon suppressed certain facts during discovery.  (Compl. at 12-13, ¶¶ 5-6).  These are the very same claims adjudicated against Jordan

12

on her motion to vacate the agreement.  See Jordan II, 2007 WL 4591924, at *4-5 (finding without merit plaintiff's allegations that defendant deceived her about her ability to retain her pension or LTD benefits, and concluding that Verizon did not make misrepresentations or suppress evidence).  Likewise, in Count III of the instant complaint, plaintiff alleges that Verizon "fraudulently represent[ed] . . . the terms of the settlement agreement and "withheld critical documents."  (Compl. at 13-15, ¶¶ 6-7).  These claims were also finally resolved in Jordan II.  See Jordan II, 2007 WL 4591924, at *5 (finding that Verizon made no misrepresentations and did not suppress evidence).

   Accordingly, plaintiff is precluded from relitigating those claims here because "[n]ew legal theories do not amount to a new cause of action so as to defeat the application of the principle of res judicata."  In re Teltronics Servs., Inc., 762 F.2d 185, 193 (2d Cir. 1985).  The crux of the matter is not how the claims are labeled, but rather whether or not, in this action, "the same transaction or a connected series of transactions is at issue, whether the same evidence is needed to support both claims, and whether the facts essential to the second [action] were present in the first [action]."  NLRB v. United Technologies, 706 F.2d 1254, 1260 (2d Cir. 1983); see also Interoceanica Corp. v. Sound Pilots, 107 F.3d 86, 90 (2d Cir. 1997).  Because the facts alleged – as well as the relief requested – in the present complaint are identical to those previously resolve in Jordan II, that standard is amply fulfilled.  Thus, because defendant's motion to dismiss Counts II and III of the complaint would have to be granted, leave to replead is denied with respect to those counts.

   The case stands differently, however, with respect to plaintiff's claim for breach of the settlement agreement.  Although plaintiff confuses her claim with allegations that she was

"assured" of a pension benefit or that she was "led to believe" that she was entitled to a certain level of LTD benefits (Compl. at 11-12, ¶ 5) – allegations that sound in fraud and are barred by res judicata – plaintiff states a new claim for relief by alleging that the settlement agreement is a valid contract (id. ¶ 7), that the agreement included a term requiring an "exit interview" (id. ¶ 6), and that the exit interview did not take place (id. ¶ 8).  This claim, which straightforwardly alleges a breach of the settlement agreement, has not yet been litigated and thus has not been extinguished by the denial of plaintiff's motion to vacate in Jordan II.  Accordingly, plaintiff states a claim insofar as she alleges that Verizon "failed to perform [a] term[] of the [settlement] agreement."  (Id.)[9]

Finally, Jordan also asserts a claim for breach of an implied covenant of good faith and fair dealing.  Under New York Law, such an implied covenant is implicit in every contract.  See M/A Com Security Corp. v. Galesi, 904 F.2d 134, 136 (2d Cir. 1990).  The duty of good faith is thus an implied contractual term, and "breach of that duty is merely a breach of the underlying contract."  Fasolino Foods Co., Inc. v. Banca Nazionale Del Lavoro, 961 F.2d 1052, 1056 (2d Cir. 1992) (citation omitted).  Accordingly, raising both claims in a single complaint is redundant, and courts confronted with such complaints under New York law regularly dismiss any freestanding claim for breach of the covenant of fair dealing.  See, e.g., Canstar v. J.A. Jones

---

[9] It is unclear whether plaintiff intends to claim that any other "express term" of the written settlement agreement was breached.  If she does so intend, plaintiff may elaborate any such allegations in any amended complaint.  Such allegations may not, however, include any claim that the terms of the settlement are in fact different from what was written down or said on the record in Jordan I, or that there was fraud, bad faith, or duress of any stripe in the inducement of the settlement agreement (the entire topic of Jordan II).  Rather, plaintiff must allege that Verizon *breached* the valid, written agreement, which embodies the parties' obligations to each other.

Constr. Co., 622 N.Y.S.2d 730, 731 (1st Dep't 1995); <u>NFL Properties, Inc. v. Dallas Cowboys Football Club, Ltd.</u>, 922 F. Supp. 849, 855 (S.D.N.Y. 1996).  This claim too would therefore be futile and may not be repleaded.

In summary, to the extent that plaintiff seeks to replead her complaint making proper jurisdictional allegations, such repleading will only be permitted with respect to claims for breach of contract based on Verizon's failure to perform its obligations under the settlement agreement, which are the only claims asserted in the present complaint that state a claim for relief that is not precluded by res judicata.[10]

## CONCLUSION

For the foregoing reasons, defendant's motion to dismiss for lack of subject matter jurisdiction is granted.  Plaintiff is granted leave to replead, with proper jurisdictional allegations, only with respect to any claim that Verizon breached its obligations under the terms of the settlement agreement, provided that an amended complaint is filed on or before January 9, 2009, and is accompanied by an affidavit in the form described above substantiating its jurisdictional allegations.  Leave to replead any claims that duplicate those resolved by the Court in <u>Jordan II</u>, or any separate claim of breach of the implied covenant of good faith, is denied.  Extensions of the January 9 deadline will not be granted absent extraordinary circumstances.

---

[10] It should be noted that, as discussed above, the only claim for breach expressly pleaded by Jordan is the claim for failure to provide an "exit interview."  Since diversity jurisdiction only exists with respect to cases in which the amount in controversy exceeds $75,000, plaintiff should explain in the jurisdictional affidavit accompanying any amended complaint why she maintains that damages for this breach could exceed that figure.

SO ORDERED.

Dated: New York, New York
      December 10, 2008

                                          GERARD E. LYNCH
                                      United States District Judge