UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
                                                    :
KATHRYN JORDAN,                                     :
                                                    :
                        Plaintiff,                  :
                                                    :          08 Civ. 6414 (GEL)
        -v.-                                         :
                                                    :               ORDER
VERIZON CORPORATION,                                :
                                                    :
                        Defendant.                  :
                                                    :
-------------------------------------------------------------x

GERARD E. LYNCH, District Judge:

        On December 10, 2008, the Court entered an order ("the Order") dismissing this action
for lack of subject matter jurisdiction, but granting plaintiff leave to replead, with proper
jurisdictional allegations, with respect to any claim that alleged that Verizon breached its
obligations under the terms of the settlement agreement. The Order gave plaintiff until January
9, 2009, to replead in accordance with the terms of the Order.

        After several extensions, all of which were requested after time had expired, plaintiff
filed an amended complaint on March 12, 2009. On March 26, 2009, Verizon filed a motion to
dismiss. Plaintiff promptly sent a letter to the court stating that she would reply within "two
weeks" (Pl. Mar. Letter at 1), which is roughly consistent with Local Rule 6.1(b), which governs
the briefing of the instant motion. See Local Rule 6.1(b) (providing that "any opposing
affidavits and answering memoranda be served within ten business days").

        Plaintiff filed no such opposition, however, and on April 16, 2009, Verizon requested
that the Court decide its motion to dismiss on its merits. That same day, plaintiff informed the
court by letter that she "intend[s] to respond to [the motion], but "cannot promise that it will be
within 30 days that is normally required of attorneys." (Pl. Apr. Letter at 2.) This is
unacceptable.

        Plaintiff is out of compliance with both Local Rule 6.1(b) and this Court's individual
practices with respect to requests for extensions of time. It is well settled that a litigant
proceeding pro se must learn and comply with procedural rules in civil litigation. Here, plaintiff
has been litigating, pro se, in the Southern District of New York since 2002. If plaintiff could
not timely file her opposition, there is no reason that plaintiff could not have informed the Court
of the need for an extension pursuant to this Court's individual practices.

        Nevertheless, the Court will liberally construe plaintiff's April 16, 2009, letter as a
request for an extension of time and grant plaintiff a reasonable extension. Plaintiff will file any

opposition to Verizon's motion to dismiss by May 1, 2009.  This deadline will not be extended for *any* reason.  Verizon may file its response, if any, by May 8, 2009.


SO ORDERED.

Dated: New York, New York
       April 21, 2009

GERARD E. LYNCH
United States District Judge