```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
                                              :
KATHRYN JORDAN,                               :
                                              :
                            Plaintiff,        :
                                              :           08 Civ. 6414 (GEL)
         -v.-                                 :
                                              :           OPINION AND ORDER
VERIZON CORPORATION,                          :
                                              :
                            Defendant.        :
                                              :
------------------------------------------------------------x
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/27/09

Kathryn Jordan, pro se.

Kenneth W. Gage, Paul, Hastings, Janofsky & Walker LLP, Chicago, IL, for defendant.

GERARD E. LYNCH, District Judge:

In yet another chapter of this litigation, which has spanned seven years, two separate actions, and one final judgment, plaintiff has filed an amended complaint and Verizon, again, moves to dismiss it. The motion will be granted.

## BACKGROUND

In 2002, plaintiff Kathryn Jordan, a former employee of Verizon Corporation, brought an action against Verizon charging discrimination and denial of disability benefits. That action was settled when the parties reached an agreement to resolve those claims. See Jordan v. Verizon Corp., No. 02 Civ. 10144 (SAS) (S.D.N.Y. Aug. 30, 2002), aff'd No. 04-5581, 2005 WL 3116750 (2d Cir. Nov. 22, 2005) ("Jordan I"). Jordan then moved to vacate the judgment in Jordan I. See Jordan v. Verizon Corp., No. 02 Civ. 10144 (GBD), 2007 WL 4591924 (S.D.N.Y. Dec. 27, 2007) (denying Jordan's Rule 60(b) motion) ("Jordan II"), appeal dismissed, No. 08-

1984, slip op. (2d Cir. Sept. 25, 2008) ("Jordan III"). While Jordan III was pending, Jordan brought a second action against Verizon, alleging state law breach of written contract, breach of oral contract, fraudulent inducement, and breach of covenant of good faith and fair dealing, all relating to the settlement agreement. Verizon moved to dismiss the action in its entirety, arguing that the Court did not have subject matter jurisdiction over Jordan's claims or, in the alternative, that Jordan's claims should be dismissed because its claims were duplicative of those the Court had already resolved against Jordan in Jordan I and Jordan II.[1]

The Court granted Verizon's motion to dismiss for lack of subject matter jurisdiction, but allowed plaintiff to replead, carefully instructing plaintiff to provide sufficient jurisdictional allegations and to confine her repleading solely to "claims for breach of contract based on Verizon's failure to perform its obligations under the settlement agreement, which are the only claims asserted in the present complaint that state a claim for relief that is not precluded by res judicata." Jordan v. Verizon Corp., No. 08 Civ. 6414 (GEL), 2008 WL 5209989, at *7 (Dec. 10, 2008) ("Jordan IV"). With respect to the only breach of contract that plaintiff had mentioned – that she had not been provided with an exit interview – the Court specifically cautioned plaintiff that "[s]ince diversity jurisdiction only exists with respect to cases in which the amount in controversy exceeds $75,000, plaintiff should explain in [her] jurisdictional affidavit accompanying any amended complaint why she maintains that damages for this breach could exceed that figure." Id. at *7 n.10. The Court expressly prohibited plaintiff from repleading any claim as to whether (i) the settlement agreement was valid; (ii) Verizon "intentionally misrepresented the terms of the settlement;" (iii) "Verizon suppressed evidence;" or (iv) "there

---

[1] The facts underlying Jordan's claims are detailed in Jordan I, 2005 WL 3116750, at *1 and Jordan II, 2007 WL 4591924, at *1-2.

was fraud in the inducement of the [settlement] agreement," including oral misrepresentations. Id. at *6.

On March 12, 2009, after the Court granted several untimely requests for extensions, plaintiff filed an amended complaint totaling fifty-seven pages that is substantially similar to the complaint dismissed in Jordan IV. The amended complaint alleges that (i) Verizon withheld information about plaintiff's pension benefits and misrepresented the terms of the settlement; (ii) Verizon engaged in "fraud"; and (iii) that plaintiff's former attorney and Verizon's counsel made oral promises not reflected in the settlement agreement.[2] Only a few spare paragraphs renew plaintiff's allegation that Verizon breached the settlement agreement when it did not provide plaintiff with an exit interview (Pl. Am. Compl. at Count I, ¶ 8). No other breach is properly alleged.[3] Following the filing of the amended complaint, Jordan filed several affidavits in which she attempted to provide evidence that jurisdiction was proper (Pl. 3rd Aff. Apr. 27, 2009) as well as to "append a critical document that supports [the claim of fraud]" (Pl. 2nd Aff. Mar. 16,

---

[2] The amended complaint also purports to add the Paul Hastings law firm, attorneys for the defendant, as an additional defendant. This attempt at joinder is outside the scope of the repleading authorized by this Court in Jordan IV. See Fed. R. Civ. P. 15(a)(2). To the extent that Jordan's putative amended complaint can be characterized as a motion to amend to add Paul Hastings as a party to this action, it is denied as untimely and without merit.

[3] Plaintiff attempts to allege that issues with her pension benefit also breach the settlement agreement, but as Count I of the amended complaint itself clearly states, "[Verizon] stopped accruing Jordan's Pension Benefit after assuring her that she would be provided this term . . . [and] that Jordan was led to believe" she could secure her preferred LTD benefit "after the settlement." (Pl. Am. Compl. Count I, ¶ 8). As these allegations transparently demonstrate, Jordan's claim is not that Verizon breached the actual the settlement agreement, but that oral misrepresentations were made during the negotiation of the agreement and/or that there was fraud in the inducement. Accordingly, these allegations are explicitly barred by Jordan IV.

3

2009).[4]

## DISCUSSION

I.   <u>Extraneous Issues</u>

As a threshold issue, Verizon moves to dismiss the amended complaint to the extent that it addresses any claim barred by this Court's order in <u>Jordan III</u>. The motion is granted. This Court specifically denied plaintiff leave to replead any allegation that the "terms of the settlement are in fact different from what was written down or said on the record in <u>Jordan I</u>, or that there was fraud, bad faith, or duress of any stripe in the inducement of the settlement agreement (the entire topic of <u>Jordan II</u>)." <u>Jordan IV</u>, 2008 WL 5209989, at *7 n.9. To the extent that the amended complaint rehashes these issues – and the bulk of the amended complaint is devoted to precisely this task – it is dismissed.[5]

---

[4] To the extent that plaintiff requests leave to amend her already amended complaint to edit background information and to "amend as well the causes of action [that] are identical with the prior Amended Complaint" (Pl. Opp. at 12), the request is denied because any amendment would be futile and would unjustifiably add to the burdens already placed on the Court and defendant. <u>See, e.g.</u>, <u>Jones v. New York State Div. of Military & Naval Affairs</u>, 166 F.3d 45, 50 (2d Cir. 1999) (stating that "a district court may properly deny leave [to amend] when amendment would be futile").

[5] As this Court explained in <u>Jordan IV</u>:

> Under the principle of res judicata, "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." <u>Monahan v. New York City Dep't of Corrs.</u>, 214 F.3d 275, 284-85 (2d Cir. 2000) (citations omitted). Here, it is clear that the district court's decision in <u>Jordan II</u>, which became final upon the dismissal of plaintiff's appeal in <u>Jordan III</u>, constituted a final judgment that the settlement agreement that ended <u>Jordan I</u> was valid.

2008 WL 5209989, at *6.

4

II.     Subject Matter Jurisdiction

The only claim remaining in the amended complaint is plaintiff's breach of contract claim that defendant did not provide plaintiff with an exit interview as required by the terms of the settlement agreement. Verizon moves to dismiss that claim pursuant to Rule 12(b)(1), Fed. R. Civ. P., on the basis that plaintiff has not plausibly alleged that the amount in controversy exceeds $75,000. The motion to dismiss for lack of subject matter jurisdiction will be granted.

A.      Legal Standard

A claim is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the court lacks the statutory or constitutional power to adjudicate the claim. See Nowak v. Ironworkers Local 6 Pension Fund, 81 F.3d 1182, 1187 (2d Cir. 1996). The party asserting subject matter jurisdiction – here plaintiff – "bears the burden of proving subject matter jurisdiction by a preponderance of the evidence." Aurecchione v. Schoolman Transp. Sys., Inc., 426 F.3d 635, 638 (2d Cir. 2005).

The defendant "may challenge either the legal or factual sufficiency of the plaintiff's assertion of jurisdiction, or both," and how the Court should "resolve the motion to dismiss depends upon whether the motion presents a factual challenge." Robinson v. Gov't of Malaysia, 269 F.3d 133, 140 (2d Cir. 2001) (citations and internal quotation marks omitted). Where a defendant challenges the factual basis for subject matter jurisdiction – here, the amount in controversy – the party invoking the jurisdiction of the federal court "has the burden of proving that it appears to a 'reasonable probability' that the claim is in excess of the statutory jurisdictional amount." Tongkook Am., Inc. v. Shipton Sportswear Co., 14 F.3d 781, 784 (2d Cir. 1994).

B.   Analysis

Federal courts have original jurisdiction over questions of state law when the dispute is between citizens of different states and the amount in controversy exceeds $75,000. See 28 U.S.C. § 1332(a). Verizon argues that, even assuming that Jordan has properly alleged upon repleading that diversity exists because her "predominant residence . . . was indisputably Palm Beach[, Florida]" (see Pl. Aff. Feb. 26, 2009) – a fact that Verizon does not concede – Jordan has not plausibly alleged that the amount in controversy meets the statutory threshold. Verizon is correct.

In Jordan IV, this Court explicitly instructed plaintiff to "explain in [a] jurisdictional affidavit accompanying any Amended Complaint why she maintains that damages for [the failure to provide an exit interview] could exceed" $75,000. Plaintiff has provided no such explanation. Instead plaintiff makes a series of opaque and internally inconsistent allegations about the value of the exit interview, including that while the exit interview "might have had some material benefit at the time Jordan sought to exercise it, it no longer does," and that the value of the interview is "immeasurable" and "infinite." (Pl. Am. Compl., Count I, ¶ 12.) Significantly, plaintiff does not allege that the interview, had it taken place, would have yielded any tangible or financial benefit. Rather, plaintiff emphasizes that the interview's sole purpose was to offer her closure. Even on this point, however, plaintiff disclaims that the interview has any worth. (Id.) Specifically, plaintiff alleges in her affidavit that the

> benefit [of an exit interview] is no longer of any value to me as the window for it's practical value expired 6 months out and it's emotional "equity" is no longer of value as I had to deal with my ordeal without the closure of the "Exit Interview."

(Pl. 3d Aff. ¶ 11.) These allegations do not explain "why [plaintiff] maintains that damages for

this breach could exceed [$75,000]." Jordan IV, 2008 WL 5209989, at *7 n.9.

The only conclusion the Court can draw is the one wholly supported by the totality of the amended complaint, which is that the "value" at issue lies not in damages arising from the failure to be debriefed, but in what plaintiff anticipates her claims would be worth if the Court "vacat[es] the Settlement Agreement in its entirety" (Pl. Am. Compl. at 55, ¶ 4) and "restore[s] [Jordan II] to the trial calendar." (Pl. Am. Compl. Count I, ¶ 25.) But plaintiff cannot wield the lack of an exit interview that has no shred of value in of itself, in pursuit of a recovery for claims that were fully litigated and finally resolved in Jordan II and affirmed on appeal in Jordan III.[6] Accordingly, the motion to dismiss for lack of subject matter jurisdiction is granted.

## CONCLUSION

For the foregoing reasons, plaintiff's amended complaint is dismissed in its entirety. The clerk is respectfully directed to enter judgment dismissing the complaint with prejudice and to close the case.

SO ORDERED.

Dated: New York, New York
May 27, 2009

GERARD E. LYNCH
United States District Judge

---

[6] This Court has no occasion to reach the merits of whether Jordan's failure to receive an exit interview constituted a breach of the settlement agreement. It is worth noting, however, that the amended complaint on its face plainly alleges that the August 30, 2002, judgment required Verizon to "schedule a thirty-minute exit interview within thirty days," Jordan v. Verizon Corp., No. 02 Civ. 10144 (SAS) (S.D.N.Y. Aug. 30, 2002), aff'd Jordan I, 2005 WL 3116750 (2d Cir. Nov. 22, 2005), that the interview was, in fact, so scheduled, and that Jordan failed to appear for the interview due to illness. (Pl. Am. Compl. Gen. Allegations ¶ 26.) Based on plaintiff's own allegations, therefore, it is doubtful whether plaintiff has stated a claim for breach of contract on which relief could be granted.